UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD E. FORD, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civil Action No. 07-0805 (CKK) |
| | : |
| HECTOR RIOS, | : |
| | : |
| Respondent. | : |

**MEMORANDUM OPINION**

This matter comes before the Court on petitioner's petition for a writ of habeas corpus. The petition will be denied.

In February 1998, petitioner was convicted of first degree murder while armed and certain weapons offenses in the Superior Court of the District of Columbia. Pet. at 3. The District of Columbia Court of Appeals affirmed his conviction and denied his motion under D.C. Code § 23-110 to vacate, set aside, or correct the sentence. *Id.* at 4. In this action, petitioner alleges that the trial court improperly excluded evidence on hearsay grounds, improperly admitted other crimes evidence, and improperly denied his § 23-110 motion without a hearing. *See* Pet. at 6-12, 20-22. In addition, he alleges that statements made during the prosecutor's closing arguments amounted to misconduct which warrant reversal of his conviction. *Id.* at 13-20. Petitioner demands reversal of his convictions "as the U.S. Constitution . . . mandate[s] and in the interest of justice." *Id.* at 22.

Collateral attacks such as those petitioner raises must be brought in the Superior Court by motion under D.C. Code § 23-110. *Byrd v. Henderson*, 119 F.3d 34, 36 (D.C. Cir. 1997) (per

1

curiam). In relevant part, D.C. Code § 23-110 provides that:

> [An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (quoting D.C. Code § 23-110(g)). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992); *see Swain v. Pressley*, 430 U.S. 372, 375 (1977) (noting that procedure for collateral review of Superior Court convictions under § 23-110 "is comparable to that authorized by 28 U.S.C. § 2255 for the United States district courts"). Nor is the remedy under § 23-110 inadequate or ineffective "merely because [petitioner] was unsuccessful when he invoked them." *Wilson v. Office of Chairperson, District of Columbia Bd. of Parole*, 892 F. Supp. 277, 280 (D.D.C. 1995).

A federal district court "lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully." *Garris v. Lindsay*, 794 F.2d at 726. Accordingly, the Court will dismiss the petition for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion will be issued separately on this date.

```
            _____/s/_____
            COLLEEN KOLLAR-KOTELLY
Date:  May 21, 2007           United States District Judge
```